UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN KING,

    *Plaintiff*,                                    CASE NO. 13-CV-11623

*v.*                                       DISTRICT JUDGE DAVID M. LAWSON
                                         MAGISTRATE JUDGE CHARLES BINDER

DEBRA SCUTT, *et al.*,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** with prejudice.

**II.    REPORT**

    **A.    Introduction**

On April 10, 2013, Plaintiff John King filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. On April 12, 2013, Magistrate Judge R. Steven Whalen granted Plaintiff's application to proceed without prepayment of fees and ordered the U.S. Marshal to serve the complaint on all four defendants.

On May 13, 2013, the case was referred to the undersigned magistrate judge for purposes of conducting all pretrial proceedings. (Doc. 8.) After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

**B.  Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

A civil rights action under 42 U.S.C. § 1983 consists of two elements:  (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)). "If a plaintiff fails to make a

2

showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### C. The Complaint

In its entirety, Plaintiff's complaint states the following:

> I've exhausted all remedies to try too [sic] get medical care help for a skin diease [sic] which has caused the skin on my leg to rot and become very painful.
>
> I've written numerous medical requests for medical attention. The medical staff, Medical Practitioner's, the Physician Assistants, and Nurse Practitioner's [sic] and Medical Provider's are all medically indifference [sic] to my medical condition I am suffering from.
>
> My 8th Amendment to the U.S. Constitutional Rights are violated under the Medical Indifference Statute for Prisoner's, 42 U.S.C.A. § 1983. Cruel and Unusual Punishment Standard.
>
> Grant me Punitive Damages, Injunctive Relief, and Compensatory Damages as well as Restraining Orders requested to get the proper medical care.

(Compl., Doc. 1 at 3-4.)

### D. Discussion

To state a civil rights claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights"). To state a claim against a supervisory official, the plaintiff must allege that the supervisory official personally

participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 691-92, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

In this case, I suggest that the complaint is subject to *sua sponte* dismissal because Plaintiff has not alleged that any particular defendant took any action. Plaintiff's assertion that the "medical staff" are indifferent to his condition fails to state a claim because "[e]ach defendant's liability must be assessed individually based on his own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010). I therefore suggest that the complaint be *sua sponte* dismissed for failure to state a claim.

The Sixth Circuit has "held that the district courts are not to permit plaintiffs to amend a complaint to avoid dismissal." *Cantley v. Armstrong*, No. 09-1092, 2010 WL 3245548, at * 1 (6th Cir. Aug. 17, 2010) (citing *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999)).[1] *See also Shorter v. Campbell*, 59 F. App'x 673, 675 (6th Cir. 2003) ("As the plaintiffs' complaint was dismissible under 42 U.S.C. §§ 1915(e) and 1915A, they did not have the right to amend their complaint prior to dismissal."); *Benson v. O'Brian*, 179 F.3d 1014, 1015-16 (6th Cir. 1999); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997). This rule is strictly followed in this district. *See Ashley v. Wilson*, No. 10-10512, 2010 WL 1246525, at *1 (E.D. Mich. March 25, 2010) ("The Court does not have discretion to allow prisoners filing suit *in forma pauperis* to amend their complaint to avoid *sua sponte* dismissal . . . ."); *Corrion v. Ludwick*, No. 09-11531, 2009 WL 3273737, at *1 (E.D. Mich. Oct. 13, 2009) ("prisoners may not alter or amend their

---

[1] I note that the U.S. Supreme Court recently granted cert on this issue. *Burnside v. Walters*, No. 12-7892, 2013 WL 1942413 (May 13, 2013).

complaints to avoid a summary dismissal"); *McGore v. Lutz*, No. 09-13031, 2009 WL 2959874, at *1 (E.D. Mich. Sept. 11, 2009). Furthermore, a plaintiff may not repair a complaint's fatal deficiencies by correcting them in his objections to a report and recommendation. *Williams v. Lowe*, No. 1:08-CV-375, 2008 WL 5411838, at *1 (W.D. Mich. Dec. 23, 2008).

Accordingly, I suggest that Plaintiff's complaint be *sua sponte* dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1).

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

5

                                   s/ *Charles E Binder*
                                   CHARLES E. BINDER
Dated: May 17, 2013               United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail John King, #151281, G. Robert Cotton Correctional Facility, 3500 N. Elm Rd., Jackson, MI, 49201; electronically served on Kevin Himebaugh; and served on District Judge Lawson in the traditional manner.

Date: May 17, 2013                By     s/*Jean L. Broucek*
                                                 Case Manager to Magistrate Judge Binder