UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN KING,

              Plaintiff,

                                                    Case Number 13-11623
v.                                                  Honorable David M. Lawson
                                                    Magistrate Judge Patricia T. Morris
DEBRA SCUTT, SABRINA AIKEN,
LAURA KINDER, and JOYCE HUNTER,

              Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, DISMISSING CASE, AND VACATING ORDER APPOINTING COUNSEL

John King, an inmate in the custody the Michigan Department of Corrections (MDOC) at its

G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* civil rights complaint

under 42 U.S.C. § 1983 against prison officials alleging a failure to provide certain medical

treatment.  The Court referred this case to Magistrate Judge Charles E. Binder for pretrial

management.  On May 17, 2013, Judge Binder filed a report after he completed the screening

required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A recommending that the Court dismiss the case

on its own motion.  The plaintiff filed timely objections, after obtaining an enlargement of time from

the Court.  On June 15, 2016, the Court entered an order appointing counsel for the plaintiff, after

previously denying his motion to appoint counsel three months earlier.  Counsel have been working

hard on the plaintiff's behalf, and the parties report that the plaintiff has received additional medical

attention.  They have not been able to settle the case, however, and the Court will turn to the

magistrate judge's report.

After reviewing the objections and considering the matter afresh, the Court concludes that the plaintiff's complaint fails to state a claim for which relief can be granted, the magistrate judge correctly recommended that it be dismissed, and the plaintiff's objections do not address the substance of the magistrate judge's criticisms of the complaint. Therefore, the Court will adopt the report and recommendation and dismiss the complaint.

I.

King's complaint, filed under 42 U.S.C. § 1983, alleges that the prison warden and medical staff were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. The plaintiff's statement of facts, in its entirety, is as follows:

> I've exhausted all remedies to try too [sic] get medical care help for a skin diease [sic] which has caused the skin on my leg to rot and become very painful.
> I've written numerous medical requests for medical attention. The medical staff Medical Practitioner's [sic], the Physician Assistants, and Nurse Practitioner's [sic] and Medical Provider's [sic] are all medically indifference [sic] to my medical condition I am suffering from.

Compl. at 3. The plaintiff asserts that medical staff members at the prison have violated the Eighth Amendment. *Ibid.* For relief, the plaintiff requests "Punitive Damages, Injunctive Relief, and Compensatory Damages as well as Restraining Orders requested to get the proper medical care." *Id.* at 3-4. In an attachment to the complaint, the plaintiff identifies Debra Scutt, Subrina Aiken, Laura Kinder, and Joyce Hunter as defendants. Attach. to Compl. Scutt was formerly the warden at the prison where the plaintiff is incarcerated, while Aiken (RN, Clinical Administrative Assistant), Kinder (RN), and Hunter (RN-13, Health Unit Manager) were members of the medical staff there. *Ibid.*

-2-

After screening the plaintiff's case under 28 U.S.C. §§ 1915A, 1915(e), Judge Binder recommended that the Court dismiss King's case on its own motion for failure to state a claim. Judge Binder concluded that the plaintiff failed to allege that any particular defendant took any specific action to deprive the plaintiff of his rights. He suggested that the plaintiff's complaint is insufficient because it refers to the medical staff generally rather than to any specific defendant. And he pointed out that district courts do not have the discretion to allow a plaintiff to amend his complaint to avoid dismissal under the applicable sections. Nor may such a plaintiff cure any pleading deficiencies in his objections to a report and recommendation. Judge Binder reasoned that because the complaint fails to state a claim under 42 U.S.C. § 1983, the plaintiff should not be able to proceed. Judge Binder recommended that the Court dismiss the case.

The plaintiff filed objections within the time permitted. However, although those objections furnish a few more facts, they do not address the defects in the complaint discussed by Judge Binder. Instead, the plaintiff focuses on his efforts at exhausting his administrative remedies within the prison system, and he argues that the Court should not raise the exhaustion issue on its own as it is an affirmative defense that the defendants must plead. *See Jones v. Bock*, 549 U.S. 199, 216 (2007).

II.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are

too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

In the Prison Litigation Reform Act (PLRA), Congress mandated that the Court screen for colorable merit every prisoner complaint filed against a state or governmental person or entity. 28 U.S.C. § 1915A(a) ("The court *shall* review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." (Emphasis added)). In addition, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Sua sponte* dismissal is appropriate if the prisoner's civil rights complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

-4-

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), and is held to "less stringent standards" than a complaint drafted by counsel, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prisoners if they "fail[] to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In his objections, the plaintiff states that failure to exhaust administrative remedies is an affirmative defense and that the magistrate judge has abused his authority by raising such a defense in his report and recommendation. However, the magistrate judge did no such thing. Instead of even mentioning the plaintiff's exhaustion obligation, the magistrate judge discussed the necessary elements of a claim under 42 U.S.C. § 1983 based on the Eighth Amendment, the requirements for pleading established by the Federal Rules of Civil Procedure, the need to review the complaints of *pro se* filers with deference and latitude, and how the plaintiff's complaint failed to measure up to those basic requirements.

The plaintiff also raises an objection to the defendants' strategy of resting on "bare assertions," and he states that their failure to object to any procedural defects in his grievances before

addressing them on their merits waived any right to claim failure to exhaust administrative remedies. Once again, however, the plaintiff misreads the magistrate judge's report and recommendation, which was not based on any motion by the defendants, but rather on the Court's screening obligation, explained above. The recommendation for dismissal did not rest on any aspect of the exhaustion requirement, yet that is all the plaintiff discusses in his objections.

The plaintiff does offer some additional facts in his objections. He says that he was issued a special accommodation notice (SAN) at the prison as a result of a skin disease. The plaintiff asserts that the SAN did not allow the plaintiff to be issued "any kind of shoes for his medical injury," and he says that the defendants have failed to abide by the SAN in any event. He says that on October 8, 2010, he suffered pain in his leg, which, he asserts, resulted in a back injury limiting his activity. The plaintiff states that the medical staff, through deliberate indifference, has failed to treat his condition, which has resulted in the skin on his leg deteriorating. The plaintiff asserts that he followed the appropriate grievance procedure before filing this lawsuit. According to the plaintiff, the prison authorities refused to disclose the necessary information (specifically the names of the individuals involved), and as a result the plaintiff's grievances contain all the information that was available at the time. The plaintiff reiterates that the prison authorities responded to his grievances on their merits, which, the plaintiff asserts, made those authorities aware of his condition and lack of treatment.

The problem, however, as the magistrate judge explained, is that the plaintiff has failed to state a claim upon which relief can be granted because he has not alleged any action by any of the named individuals that has deprived him of his rights. Instead, the complaint refers simply to the medical staff as a whole. The Court previously has found that a complaint that does not allege

"*personal action* by an individual defendant" fails to state a claim under 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1). *Makele v. Birkett*, No. 01-10049-BC, 2002 WL 1461763, at *2 (E.D. Mich. July 3, 2002) (emphasis in original) (citing *Barren*, 152 F.3d at 1194). The plaintiff fails to mention any of the named medical staff in his complaint, he has not described any of their specific conduct, and he does not refer to any action at all by the warden, Debra Scutt, even in general terms. Such a failure does not allow the Court to assess the defendants' liability based on each defendant's individual actions. *See Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010). The elements of a *prima facie* section 1983 claim are that (1) the defendants acted under color of state law, and (2) the defendant's conduct deprived the plaintiff of his federally-protected rights. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). As the warden and members of the medical staff at a state prison facility, the defendants acted under color of state law by virtue of their positions. But because the plaintiff does not point to any specific conduct by the named defendants, the complaint fails to allege that the defendants' conduct deprived the plaintiff of his rights. The plaintiff's complaint therefore fails as to the second element of a section 1983 claim.

The magistrate judge concluded that under Sixth Circuit law, the Court does not have discretion to allow the plaintiff to amend his complaint to avoid dismissal. *See Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (citing *McGore v. Wigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997). However, that proposition has fallen into disfavor after the Supreme Court decided *Jones v. Bock,* 549 U.S. 199 (2007), in which it held that "the PLRA's screening requirement does not — explicitly or implicitly — justify deviating from the usual procedural practice beyond the departures specified by the PLRA itself." 549 U.S. at 214. The Sixth Circuit has overruled *McGore*, and now holds "that under [Federal Rule of Civil Procedure] 15(a) a district court can allow a plaintiff to

amend his complaint even when the complaint is subject to dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Nonetheless, the plaintiff's objections to the report and recommendation do nothing to mitigate his failure to allege personal action by the individual defendants. Rather, the plaintiff insisted that he had exhausted all available administrative remedies, and that any failure to do so resulted from the defendants' misconduct. Because failure to exhaust administrative remedies was not even mentioned in the report and recommendation, the plaintiff's objections on those grounds do not discuss "'the correctness of the magistrate's recommendation [or] specify the findings . . . believed [to be] in error.'" *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

Because of the obvious defect in the initial pleading, it is apparent that this lawsuit cannot proceed. The plaintiff has not asked for leave to amend his complaint, and nothing in the record suggests that he would be able to cure the defects in the pleading identified by the magistrate judge, even if an amendment were allowed.

III.

The Court agrees with the recommendations of the magistrate judge and finds that the plaintiff's objections are without merit. Upon *de novo* review under 28 U.S.C. § 1915(e)(2)(B), the Court determines that the lawsuit must be dismissed.

Accordingly, it is **ORDERED** that the Magistrate Judge's report and recommendation [dkt. #10] is **ADOPTED**, and the plaintiff's objections [dkt. #13] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
Dated:   March 30, 2017                    United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 30, 2017.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI